The Honorable Bob Bullard Chairman, Highlands County Board of County Commissioners Post Office Box 1926 Sebring, Florida 33871-1926
Dear Mr. Bullard:
On behalf of the Highlands County board of County Commissioners and the Board of Supervisors of the Sun `n Lake of Sebring Improvement District, you ask substantially the following question:
Is the Sun `n Lake of Sebring Improvement District a special district as defined by section 189.403(1), Florida Statutes?
In sum:
The Sun `n Lake of Sebring Improvement District is a special district as defined by the Uniform Special District Accountability Act of 1989.
Chapter 189, Florida Statutes, is the "Uniform Special District Accountability Act of 1989."[1] It was the intent of the Legislature through the adoption of this chapter to provide general provisions for the definition, creation, and operation of special districts and to have one centralized location for all legislation governing special districts.[2] Section 189.403(1), Florida Statutes, defines "[s]pecial district" for purposes of Chapter 189 to mean:
"a local unit of special purpose, as opposed to general-purpose, government within a limited boundary, created by general law, special act, local ordinance, or by rule of the Governor and Cabinet. The special purpose or purposes of special districts are implemented by specialized functions and related prescribed powers. For the purpose of s. 196.199(1), special districts shall be treated as municipalities. The term does not include a school district, a community college district, a special improvement district created pursuant to s. 285.17, a municipal service taxing or benefit unit as specified in s. 125.01, or a board which provides electrical service and which is a political subdivision of a municipality or is part of a municipality."
You state that the Sun `n Lake of Sebring Improvement District does not fall within the exceptions set forth in section 189.403(3), Florida Statutes — it is not a school district, community college district, special improvement district created pursuant to section 285.17, Florida Statutes, municipal service taxing or benefit unit, or a board that provides electrical service and is a political subdivision of a municipality or is part of a municipality. The Sun `n Lake of Sebring Improvement District was established by ordinance of the Highlands County Board of County Commissioners in 1974 in order to fund the construction and maintenance of infrastructure for property located within its boundaries. The county enabling ordinance provides for the establishment of a special district to be governed by a board of supervisors elected by the landowners of the district.[3]
Thus, the Sun `n Lake of Sebring Improvement District appears to fall within the definition of "special district" contained in section189.403(1), Florida Statutes. Recently, the Second District Court of Appeal in Sun `n Lake of Sebring Improvement Dist. v. McIntyre[4]
referred to the district as an independent special district as defined by the Uniform Special District Accountability Act of 1989. In that case the property appraiser challenged the constitutionality of an amendment to section 189.403(1), Florida Statutes, by section 4, Chapter 97-255, Laws of Florida, which defined an independent special district as a "municipality" for those tax exemptions authorized by section 196.199(1), Florida Statutes. The court held that the property appraiser lacked standing to raise this constitutional challenge to the statute and therefore reversed the trial court's finding the provision unconstitutional. The case is now on appeal to the Florida Supreme Court.[5]
I would further note that the district is listed on the Official List of Special Districts as an independent special district by the Department of Community Affairs. Section 189.4035, Florida Statutes, requires the Department to compile the official list of special districts, which shall include all special districts in this state and shall indicate the independent or dependent status of each district.[6]
Section 189.403(2), Florida Statutes, defines "Dependent special district" as a special district that meets at least one of the following criteria:
"(a) The membership of its governing body is identical to that of the governing body of a single county or a single municipality. (b) All members of its governing body are appointed by the governing body of a single county or a single municipality. (c) During their unexpired terms, members of the special district's governing body are subject to removal at will by the governing body of a single county or a single municipality. (d) The district has a budget that requires approval through an affirmative vote or can be vetoed by the governing body of a single county or a single municipality."
An "Independent special district" means a special district that is not a dependent special district as defined in subsection (2) above.[7] In addition, a district that includes more than one county is an independent special district unless the district lies wholly within the boundaries of a single municipality.[8]
An examination of the 1974 ordinance establishing the district indicates that the district does not meet the criteria set forth in section189.403(2), Florida Statutes, for a dependent special district. The governing body of the district is elected and is not the same as the governing body of the county, its members are not subject to removal at will by the county and the county does not have approval of the district's budget. The district, therefore, would appear to constitute an independent special district.
Accordingly, I am of the opinion that the Sun `n Lake of Sebring Improvement District is a special district as defined by the Uniform Special District Accountability Act of 1989.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 189.401, Fla. Stat.
[2] Section 189.402(1) and (2), Fla. Stat. Subsection (2) of s. 189.402, Fla. Stat., also provide that it is the intent of the Legislature to:
"(a) Improve the enforcement of statutes currently in place that help ensure the accountability of special districts to state and local governments. (b) Improve communication and coordination between state agencies with respect to required special district reporting and state monitoring. (c) Improve communication and coordination between special districts and other local entities with respect to ad valorem taxation, non-ad valorem assessment collection, special district elections, and local government comprehensive planning. (d) Move toward greater uniformity in special district elections and non-ad valorem assessment collection procedures at the local level without hampering the efficiency and effectiveness of the current procedures. (e) Clarify special district definitions and creation methods in order to ensure consistent application of those definitions and creation methods across all levels of government. (f) Specify in general law the essential components of any new type of special district. (g) Specify in general law the essential components of a charter for a new special district. (h) Encourage the creation of municipal service taxing units and municipal service benefit units for providing municipal services in unincorporated areas of each county."
[3] See, Highlands County Ordinance 74-4, April 16, 1974.
[4] 800 So.2d 715 (Fla. 2d DCA 2001).
[5] McIntyre v. Sun `n Lake of Sebring Improvement District, Case No. 01-2849, and Sun `n Lake of Sebring Improvement District v. McIntyre, Case No. 02-49 (Fla.).
[6] See, s. 189.4035(1), Fla. Stat.
[7] Section 189.403(3), Fla. Stat.
[8] Id.